Good morning, Your Honors. Jonathan Sanders on behalf of Petitioner Maricela Fernandez. Just to clarify one issue, Daniela Covarrubias is not pursuing the appeal. It appears she was swept up in it in some type of clerical or other air. I argued on behalf of both because I think the same arguments apply to both, but she is not in this country and not pursuing this appeal. Oh, she's not? She's not. Okay. That simplifies matters, but. A little bit. Now, this appeal presents Can I suggest that you might have told us that sometime before right now? I'm sorry? Can I suggest that you might have told us that sometime before right now? I apologize, Your Honor. I did not even find out myself because my client did not call me back until after the briefing had been completed, and I certainly I was confused and disturbed by what was going on. Well, I understand that the briefing was completed, but we, meanwhile, spent a fair amount of time working on this, including that problem. I apologize, Your Honor. I should have sent a letter to the Court. Go ahead. This appeal presents three simple issues. The first is the jurisdictional question. Because Mrs. Fernandez was deported under a statute that is not the statute denying this Court jurisdiction, and she moved to reopen under a regulation that is not one of the statutes denying this Court jurisdiction under RSL and the numerous other cases cited in my brief, this Court has jurisdiction to hear the appeal. Having established jurisdiction, it is clearly an abuse of discretion also under RSL and numerous other cases. A two- or three-paragraph decision sort of repeating the facts and giving a boilerplate one- or two-sentence conclusion that she hasn't met the standard is a cursory and And finally, the Board also violated due process for the same reasons. It provided no discussion of the evidence whatsoever, no legal analysis or reasoning and no explanation for its conclusion. It wrote a two-paragraph legal conclusion basically consisting of boilerplate, and that's not enough. And the Court should remand for a real hearing and a real appeal. Let's go back to the first question. Sure. Are you aware of any case, reported case in this circuit or any other, because I've read them all, in which there was, there has been a jurisdiction over a motion to reopen where the BIA originally did decide the application for relief and the motion to reopen was essentially asking, adding more facts to the same question. I'm not aware of such a case, but I don't think that's a material distinction from RSL. In RSL, the Petitioner did present evidence of hardship to the BIA. The BIA rejected it, and the Court of Appeals said, no, you should have considered that hardship evidence. Yes, but what was happening in RSL in every one of the other cases, there were probably 30 of them, is that the application for relief was occurring for the first time on the motion to reopen. So it makes sense under those circumstances to say, well, what they're seeking to reopen is not a judgment about the declining relief, because there never was one, but here there was one. I don't believe that was the basis for the decision in RSL. Well, it was the basis for many of the decisions quite explicitly. I don't think it was in RSL, certainly in this circuit and some of the others, at least in the other circuits. The basis in RSL was that the section under which the Petitioner was ordered removed was not the section that denies this Court jurisdiction. It was the transitional rules, then, 1252 now. And similarly, I believe in Medina-Morales, the Court said a motion to reopen is under a regulation. But it also went on to be very emphatic about the fact that there had not been a determination on the merits of the cancellation of removal decision previously and relied on that. That's true. I don't believe that that's a material distinction, though, because I don't think that that was certainly the only basis for the decision in that case. I don't think it was any basis for the decision in RSL. Certainly that was the fact of that case. But the Court certainly didn't say that and certainly didn't base its decision on that fact. It acted as if, at least, the BIA had heard evidence of hardship. I understand there was not a previous hearing, but the BIA had heard evidence of hardship, had improperly failed to consider it, and had abused its discretion by writing a cursory opinion. And I think the reason for this is set forth in a case in another circuit, Prado v. Reno, where the Court says, look, granted, you know, the BIA's substantive decision might ultimately be unreviewable, but this is a perfectly rational, small safety valve that Congress left open in case the BIA ---- In that case as well, though, there had never been a BIA decision on the merits, right? That's true, Your Honor. And again, I don't think that that was the basis for the Court's decision. And was that the safety valve they were talking about, the chance to get at least one shot at this before the agency? I don't think that that was certainly the sole reasoning for the Court's opinion. I mean, the Court wanted to leave open a last, you know, line of defense in case the BIA completely, you know, misapplies the facts or misapplies the law. I think there's something so weird about the notion that we have nothing to say on appeal about this. If they completely screw up, we ---- our hands are tied. And I have real problems with that. As I said before, I don't understand why exceptional, extreme and exceptional hardship is a discretionary standard. But that's our law. So if that's what we are doing, then why is it that when you come back and you say, you know, here's one more reason why she should ---- I mean, what happened here was you basically presented more facts. And for the Fernandes, this is the other case, the Covarrubias case, is of the other variety. And the government agrees that we have jurisdiction ---- would have had jurisdiction over that but for the other problems. But in this case, all she's doing is giving more evidence for the same thing. And there's something very odd about the fact that we now get to review what we didn't get to review before. I think there are two answers to that. First of all, Congress did not provide that this is a discretionary decision over which this Court lacks jurisdiction and the Court should follow the law. This is not one of the statutes over which Congress has deprived this Court of jurisdiction. What does the statute say? It says regarding the granting of relief under this section. Doesn't this regard the granting of relief under that section? Now, this is a motion to reopen under the CFR as to whether she has presented sufficient evidence to establish a prima facie case granted of that substantive determination. But then you get to the public policy argument. Of a judgment that has already been made regarding that substantive determination. That's true. I agree. It might appear odd on its face. But I think as Prado set forth, you know, the reason that the Court retains review, at least as the Ninth Circuit and other courts have decided, is to set up this small safety valve. I agree. This Court should have review over the substantive decision. What if the BIA just does something ridiculous, doesn't even write an opinion, or says something that's the opposite of what's true? This Court should have the right to review that. This at least provides one small safety valve for the Court. I think Congress consciously did that. But regardless, it did. And under Prado and RSL and Medina-Morales and numerous other cases, this Court has the right to review a motion to reopen. Let me ask, the husband has gotten a change in status. Is that correct? Correct. Have you applied for an adjustment? Is that pending? I have not, but she is represented by Immigration Counsel. And I understand she is in the process of hopefully getting her visa. But it's not by any means certain. And this hearing is going to have an effect on that decision, probably. Mrs. Covarrubias also is in the process of getting her visa. And I understand she is very close to getting it and returning to the country. When we have something pending, like an adjustment of status application, we have either been referring these to mediation or staying our opinion. Is that what you're asking us to do as an alternate? Certainly as an alternate. But as I mentioned, if the Court is going to decide this case, I understand from Immigration Counsel that this decision is going to have a major effect on the visa determination. So this case is not moved by any means. But certainly if the Court would like to wait and see what happens with that visa application first, I would be amenable to that. I'd like to reserve the rest of my time for rebuttal. Thank you. Thank you. May it please the Court. Shelly Goad, again, on behalf of the Attorney General. I'd like to first point out that because this case is a permanent rule case of judicial review, that Mrs. Covarrubias' return to Mexico would not moot her petition for review if she wished to pursue it at this time. But she apparently isn't pursuing it, so. Okay. That's it. I suppose we would like something in writing to that effect. Right. Then the question in this case is not whether the petitioners are hardworking, honest, dependable members of society. It appears that by all counts they are. But, again, assuming jurisdiction, it's whether they met their heavy burden of demonstrating their removal proceedings warranted reopening, that is, whether their new evidence presented demonstrated a reasonable likelihood that their qualifying relatives would suffer hardship in connection to Mrs. Fernandez's removal that is so excessive and uncommon as to be extremely and exceptionally unusual. And to that end, again, it should be noted that it appears that the qualifying relatives are all healthy individuals and that nothing in the record indicates that there are any special health or educational needs required by the qualifying relatives. I'd like to move on to the jurisdictional argument at this time. And the Court should dismiss the petition for review, since it now only pertains to Mrs. Fernandez, because in this situation, under these factual circumstances, the Board's denial of her motion to reopen was indeed a judgment regarding the granting of relief under the discretionary component of 1229B, cancellation of removal. And key to our argument is or are two factors in that the underlying determination was based upon a discretionary hardship determination and that the basis for the Board's denial of the motion to reopen was also based on the merits of the delineated subsection. That is, the Board denied the motion determining that Mrs. Fernandez had not presented any evidence which, combined with the evidence already in the record, would cause them to alter their hardship determination. And... Counsel, it would seem that we certainly have jurisdiction to look and see whether new evidence has been introduced, which the Board ignored, and we would send it back on that basis. In this case, I don't think that was the case. But shouldn't we just affirm rather than to dismiss? No, Your Honor. We assert that this is the perfect factual example of a scenario where the Court would lack jurisdiction because the Board's decision, again, was not based upon a regulatory or statutory requirement that the evidence wasn't new, that it wasn't previously available. That the Board's determination in this case was based upon the substance of the relief sought, and the substance of which was already determined or discretionary determined was made below. In that sense, we argue that this Court should follow the Fifth Circuit's case in Rodriguez, which is the only case I could find that is right on point in this factual circumstance. In that case, the Fifth Circuit said that it is axiomatic that if we are divested of jurisdiction to review an original determination by the Board, that an ailing has failed to establish that he or she would suffer hardship. We must also be divested of jurisdiction to review the Board's denial of a motion to reopen on the ground that the ailing has still failed to establish such hardships. So let me see if I can understand the government's position specifically. And this relates actually to an answer that you gave in the last case because they're related. You said earlier that you thought we did have jurisdiction to review the question on a motion to reconsider whether or not it was true that no new information no new the Board had not overlooked anything. But that's all we had jurisdiction to review. And I gather you're saying now with regard to the motion to reopen something similar, that we would have jurisdiction to determine whether or not there was new evidence. There was, in fact, new evidence presented that the Board ought to consider, but we would not have jurisdiction to decide what exactly. Whether that new evidence altered the discretionary determination of the Board. How do you do that? I mean, how do you know whether or not the Board should have considered new evidence unless you related to the underlying decision and make some determination of whether it might have changed it? Well, I think in this situation, we can look to the substance of the Board's decision itself and determine on its face that, you know, the Board clearly considered the new evidence. And as we move on to the next stage, then find that it lacks jurisdiction to consider whether that altered the prior determination. The Sixth Circuit in Pilka v. Ashcroft sort of collected several of the cases and determined that the Fifth Circuit's decision in Rodriguez was consistent with Medina-Morales, Arizal, Prado, all the other cases in which the relief requested had not been or a decision had not been made below or the basis for the denial was not on the merits of the delineated subsection as in this case. And the Board noted that Rodriguez was consistent with those cases, that it was just distinguishable on the facts, which is what the government would assert in this situation. And again, that's illustrated by the fact that when Mrs. Covarrubias was a party to the petition for review, the government was not asserting that the court lacked jurisdiction over the motion to reopen in her case because the IJBELO had not considered her application for cancellation of removal and had not made a hardship determination because at that time, she had no self-determination. Kagan. I'm trying to get your position exactly. In her situation, nobody had ever made a judgment about cancellation of removal. She had never applied for it. There was no judgment. There was no way that it was reviewing that judgment because none had ever been made. In this instance, a judgment was made. Now, for example, here she came in with something that was new, arguably, which was her husband was now a citizen, which he wasn't before, right, or a legal resident, I forget which. But he had a different status. Right. If the agency had said, we are denying the motion to reopen because she's presented nothing new, you'd say we have authority to review that because, in fact, she did present something new. Yes. Because that would be. If the agency said, we've considered everything she said and it doesn't change our mind, then we don't have authority. Is that what you're saying? That's correct. Because we would argue that the former would be more a decision under the regulation, under the requirements for required for filing a motion to reopen or reconsider. So that would be our decision, our position. Quickly, I'd like to assert that while the court would still have jurisdiction over any constitutional claims with regard to the denial of the motion to reopen, that in this case, there was no due process violation by the board in adjudicating the motion to reopen. A review of the board's decision in this case reveals that it did consider all the evidence. And, first of all, this court does presume that the court did consider all the evidence under Lorena Martinez. But, in fact, the board did state in two places that it was considering the new evidence in the case. And probably this court knows no better that this decision, this two-page board decision, does reveal that the court considered the evidence and establishes that. With regard to adjustment of status that Judge Fletcher asked, I was not aware of either of the petitioners pursuing adjustment of status. One, Mrs. Covarrubias, while she's not, again, a party, her husband is a United States citizen, and Mrs. Fernandez's husband is a lawful permanent resident. So to that end, Mrs. Fernandez could pursue adjustment of status, even if this court affirms the board's decision or finds that it lacks jurisdiction over it. And if she returned to Mexico, she could obtain a waiver pertaining to her order of deportation. Is there any reason that we should not send this case to mediation because of the dependency of the adjustment of status to see whether something could be worked out? I think the only reason Essentially stay these proceedings until the adjustment of status is determined. It doesn't make a lot of sense for her to go back and come back again. I understand, Your Honor. I think the only reason not to in this case would be that it may be quite some time before Mrs. Fernandez, if she does obtain a visa petition, maybe it will be quite some time before her visa becomes current because her husband is an LPR and not a U.S. citizen. It may be four or five years before her visa becomes available. If there are no questions. Thank you very much. I'll give you a minute and a half or so. I guess you have a minute and a half or so. Okay. First of all, I just wanted to say, again, I would certainly be happy for the court to refer this to mediation. I'm not as familiar, obviously, with immigration rules as she is, but I understand that Mrs. Fernandez and Mrs. Covarrubias are both close to getting their visa. If they do, they may not. So it would certainly make sense to hold off, certainly, until they make that decision. I just wanted to address two points briefly. First of all, my opposing counsel has effectively conceded that this court has jurisdiction over the regulation portion of a motion to reopen, and she contended that it doesn't have jurisdiction over the substantive determination, but we already know that that's true. The motion to reopen asked, is there enough evidence presented to establish a prima facie case? That's different from the substantive question. This question is whether there is new evidence presented. And as counsel appeared to concede, this court has jurisdiction over that portion of the question. We decide that. We're essentially deciding what we weren't allowed to decide the first time. I don't agree with that. The court is not deciding that she has or has not established exceptional and extremely unusual hardship. It's decided, is there new evidence? Is there enough? That's different. If we're deciding if there's new evidence, that's fine. If we're deciding whether she established a prima facie case, that's different. Absolutely. The court is deciding whether there's a prima facie case, whether there is enough new evidence to merit reopening the decision for a new substantive decision. And as the Court noted in the previous case, of course, at that point, if the board follows, satisfies its obligations, writes a real opinion, discusses all of the evidence and offers some analysis and decides that she has not met the standard, then under the law of the circuits, it's unreviewable at that point. But this still provides a small, perfectly rational safety valve, as Prado put it, for the board to have another chance to reconsider. Thank you very much. Thank you very much. Thank you, counsel. Well argued. And we will submit the case of Fernandez v. Gonzalez and go on to United States v. Georgia.
judges: B.fletcher, Gibson , Berzon